UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CERVANTES, JAMES PEREZ, GUILLERMO SOLORIO, GEORGE FRANCO, AND TRINIDAD MARTINEZ,<br><br>Defendants. | PRE-TRIAL ORDER NO. 1 RE: TRIAL LOGISTICS<br><br>Case No. 21-cr-328-YGR-1<br>Case No. 21-cr-328-YGR-3<br>Case No. 21-cr-328-YGR-5<br>Case No. 21-cr-328-YGR-6<br>Case No. 21-cr-328-YGR-7 |

Having considered the filings to date and the regularly scheduled conferences, and for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:** The trial of this matter is set for June 2024. More specifically, potential jurors will be provided a comprehensive juror survey to be completed in advance of the trial. Counsel may submit additional suggested questions for the questionnaire to ygrchambers@cand.uscourts.gov by March 25, 2024. The parties will be provided with these substantive responses by May 31, 2024, and if possible, sooner. On Monday, June 3, 2024, the Court will entertain stipulations to excuse for hardship and/or cause based upon the substantive questionnaires. Oral *voir dire* will commence on Wednesday, June 5, 2024, and should be completed no later than Friday, June 7, 2024.

2. Trial days shall begin with the parties and attorneys at 8:00 a.m. Counsel shall arrive in court early enough to proceed promptly. Trial proceedings with the jury shall proceed generally on Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate

issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

3. As previously advised on September 1, 2023 (Dkt. No. 910), trial shall proceed generally Monday through Thursday with Fridays dark. That said, during the week of June 17th, because Wednesday, June 19, is a federal holiday, trial will proceed on Friday, June 21.  The Court will be dark the week of July 22 and the week of August 19.

4. Additionally, the Case Management Conference currently scheduled for May 2, 2024, at 9:00 a.m. is **ADVANCED** to 8:00 a.m.

5. **Standard Motions *in Limine*:**  The Court hereby orders that witnesses shall be excluded until testimony is completed.  A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984).  Parties are advised that overly broad motions which do not request specific relief will be summarily denied.

6. **Witnesses:**  The parties shall provide the Court with a comprehensive alphabetical list of all witnesses, attorneys, parties, law firms, and staff who may participate in the trial so that the list can be provided as part of the Survey Monkey.  This shall be provided in Word format, have no designations, and be submitted to ygrpo@cand.uscourts.gov.

7. **Exhibits and Exhibit Lists:**  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.  To the extent an exhibit is included for the mere purpose of refreshing recollection, the list shall so indicate, such as by use of an "*" asterisk.

8. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

9. If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial.  Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so. Defense counsel may reserve a conference room in the attorneys' lounge for the period of the trial. However, they are only available on a first-come, first-serve basis. Further, defense counsel must provide the Court with a form of order for (i) any equipment or supplies requested to be brought into the courthouse and (ii) any in-custody defendant to be dressed in civilian clothing.

11. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

12. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For Monday witnesses, written notice shall be provided by noon on Saturday. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

13. **Jurors and Peremptory Challenges:** The Court will seat a total of twelve (12) jurors and six (6) alternates. Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated eight (8) peremptory challenges and the defendants are collectively allocated fifteen (15) peremptory challenges. Accordingly, peremptory challenges shall be exercised in the following

3

sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth and Tenth*
- Prosecution Sixth
- *Defense Eleventh and Twelfth*
- Prosecution Seventh
- *Defense Thirteenth and Fourteenth*
- Prosecution Eighth
- *Defense Fifteenth*

In addition, each party shall be allocated three (3) additional peremptory challenges for the six alternate jurors empaneled. The additional peremptory challenges may be used against an alternate juror only. The initial set of peremptory challenges may not be used for the alternate jurors. *Batson* motions must be made in a timely fashion, that is, before the juror in question is excused. Argument on the same shall be made outside the presence of the jury panel.

14. As noted above, all potential jurors are sent a Survey Monkey questionnaire to obtain basic information before jury selection. The answers to those questions shall be provided to counsel in advance of jury selection. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)." Further, to the extent that the Court allows follow-up questions, if a party asks questions of a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

15. The Court anticipates calling in 50 jurors per day until the jury is selected.

16. Jurors are shown two videos prior to arrival in the courtroom: one on the process generally and the other on unconscious bias. These are available for the parties' review on the Court's website: https://cand.uscourts.gov/jury.

17. **Indictment:** The Court's practice is not to admit the Indictment as such document is not evidence. Accordingly, the instructions shall be revised to provide the necessary contents from the Indictment.

18. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief—e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

19. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. (510) 637-3534) **at least three weeks** prior to the commencement of the trial.

20. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times—on or off the record and whether or not in the presence of a jury—in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

21. During *voir dire* attorneys will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

22. **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment A. To the extent any objections exist, the parties shall contact the Court immediately.

23. **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file the certification in the form included herewith at Attachment B.

24.     **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

**IT IS SO ORDERED.**

Dated:  March 19, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**