1

2

3        **UNITED STATES DISTRICT COURT**

4        **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8    **UNITED STATES OF AMERICA,**          **Case No.:** 4:21-cr-328-YGR

9            Plaintiff,                      **PRETRIAL ORDER NO. 9 RE:**

10        v.                                 **GOVERNMENT'S MOTION** *IN LIMINE* **TO ADMIT CO-CONSPIRATOR STATEMENT**

11   **DAVID CERVANTES, ET AL.,**
                                             Re: Dkt. No. 1164
12           Defendants.

13
                The government moves to admit certain statements of alleged co-conspirators under
14
     Federal Rule of Evidence ("FRE") 801(d)(2)(E).[1]  The government specifically requests findings,
15
     for evidentiary purposes, that (1) La Nuestra Familia (the "NF") was a "conspiracy," (2) each of the
16
     trial defendants was a member of NF, and (3) certain statements made by co-conspirators in
17
     furtherance of the conspiracy are admissible at trial. The Court **GRANTS** the government's motion
18
     as to its first two requests and **DEFERS** its third request pending a specific response to the defense's
19
     objections unless no further response is required.
20
                The Court first addresses whether NF was a conspiracy. At this stage, the government must
21
     demonstrate the existence of a conspiracy by a preponderance of the evidence. *Bourjialy v. United*
22
     *States,* 483 U.S. 171, 175-76 (1983). As support, the government points to plea agreements, sworn
23
     grand jury testimony, and factual admissions from former NF members, as well as sworn affidavits
24
     from Special Agent Jimenez. (Dkt No. 1164-1 at 7.) Defendants appear not to dispute this
25

26    _____

27
         [1] All of the statements are on spreadsheets found at Docket No. 1164-2, Ex. A, which the
28   Court required the government to produce ("Co-Conspirator Spreadsheets").

United States District Court
Northern District of California

United States District Court
Northern District of California

1   characterization of the record, but correctly note that the record establishes a conspiracy only

2   during the time frame outlined in the indictment, from 2013 through at least August 2021. (Dkt.

3   No. 1194 at 6.)

4   The Court finds that for the purposes of making preliminary determinations under FRE

5   801(d)(2)(E), the government has satisfied its burden with respect to the existence of a conspiracy

6   during this time frame. The plea agreements include admissions that "[f]rom at least 2013, and

7   continuing through at least August 25, 2021, the Nuestra Familia prison gang (NF) existed" and

8   that it "constituted an 'enterprise'…whose members functioned as a continuing unit for a common

9   purpose." (*See, eg.,* Dkt. No. 388 at 2:25-5:18.) These details are corroborated in the other pieces of

10  evidence cited in the government's motion. As such, for purposes of making a preliminary

11  evidentiary finding under Rule 801(d)(2)(E), the Court finds that NF operated as a conspiracy in the

12  time frame specified in the indictment and **GRANTS** the government's motion to that extent.[2]

13  Next, the Court turns to the government's argument that each of the trial defendants was a

14  member of NF.  "Once a conspiracy is shown, the prosecution need only present slight evidence

15  connecting the defendant to the conspiracy." *United States v. Crespo de Llano*, 838 F.2d 1006,

16  1017 (9th Cir. 1987).  "The term 'slight connection' means that a defendant need not have known

17  all the conspirators, participated in the conspiracy from its beginning, participated in all its

18  enterprises, or known all its details.  A connection to the conspiracy may be inferred from

19  circumstantial evidence." *United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009).  The Court

20  **GRANTS** the government's motion for the Court to find preliminarily that the defendants are

21  connected to the conspiracy for purposes of FRE 801(d)(2)(E).  The Court addresses each

22  defendant individually.[3]

23

24

25  [2] Parties are reminded that such findings as the Court makes at this juncture are preliminary
    and for purposes of introducing evidence under Rule 802(d)(2)(E) only. The Court makes no
26  factual determination on any underlying issue that will ultimately be for a jury to decide.

27  [3] All pending motions brought on behalf of Trinidad Martinez are denied as moot given his
    change of plea on May 23, 2024.
28

United States District Court
Northern District of California

David Cervantes:

For the purposes of FRE 801(d)(2)(E), defendant Cervantes is connected to the conspiracy. Grand jury testimony establishes that he worked in NF's "Inner Council." (Dkt. No. 1166-1 at 21:7-9.)  Further, intercepted communications indicate that he exercised authority as an Inner Council member by discussing nominating others to the Inner Council.  (Dkt. No. 1170-1 at 8:11-9:12.) Such information sufficiently demonstrates a connection to the conspiracy for purposes of the motion.

James Perez

Defendant Perez is similarly sufficiently connected to the conspiracy under Rule 801(d)(2)(E).  Grand jury testimony establishes that he, too, was in the Inner Council, and worked as NF's General of Pintas/Prisons.  (Dkt. No. 1166-1 at 20:18-21:12).  Intercepted communications indicate that he exercised power as a member of the Inner Council by, at least on one occasion, investigating the theft of phones and "product" from NF. On the call, he referred to the phones and product as "my property" and "NF property."  (Dkt. No. 1170-3 at 2:9-4:21.) Such information sufficiently demonstrates a connection to the conspiracy for purposes of the motion.

Guillermo Solorio

The Court finds the same with defendant Solorio. Intercepted communications show his appointment to a leadership position with NF at a ranking of CAT-III following his successful participation in narcotics trafficking in Fresno on NF's behalf (Dkt No. 1172-1 at 13:21-15:1; Dkt. No. 1172-2 at 12:12-13:7 ). Such information sufficiently demonstrates a connection to the conspiracy for purposes of the motion.

George Franco

Finally, the Court finds the same with regard to defendant Franco. First, grand jury testimony identified the defendant as having a leadership position within NF.  (Dkt. No. 1166-1 at 20:17-21). Second, plea agreements from other NF members contain factual recitations that defendant Franco was a leader within the organization and that on at least one occasion submitted a

1   guilty vote indicating a desire to punish someone. (Dkt. No. 1167-2 at 6:24-7:13.) As with the

2   above defendants, such information sufficiently demonstrates a connection to the conspiracy for

3   purposes of the motion.

4          Next, with respect to the issue of whether the statements made by co-conspirators were

5   made in furtherance of the conspiracy, and are therefore admissible at trial, the government must

6   demonstrate by a preponderance of the evidence that the declarant participated in the conspiracy. In

7   so doing, the government must rely on evidence other than the statement itself. *See United States v.*

8   *Leira,* 585 F.3d 1237, 1245-46 (9th Cir. 2009). Additionally, the Court must find that each

9   statement was made with the intent to further the conspiracy. *United States v. Zavala-Serra,* 853

10  F.2d 1512, 1516 (9th Cir. 1988).

11         Here, the government offers three groups of evidence: one: "contraband jail notes" known

12  as "kites;" two: intercepted calls and text messages, and three: "the testimony of cooperating

13  witnesses who heard the statements of co-conspirators." (Dkt. No. 1164-1 at 15:21-16:1.) All these

14  statements, the government submits, furthered the conspiracy, which the government has grouped

15  into four categories: (i) new NF member recruitment, (ii) NF rules and procedures, (iii) the

16  fostering of trust and cohesiveness among NF members, or (iv) the facilitation of criminal activity

17  by NF members.

18         Defendants object to admission under FRE 801(d)(2)(E) on five grounds. They are:

19         1.  Several statements in the government's submission fall outside the time frame of
               the alleged conspiracy.

20         2.  Many declarants are still unidentified, thus nothing in the record can demonstrate
               their participation in the conspiracy.

21         3.  Where the declarant has been identified but not charged with activity connected
               to the conspiracy, the government cannot "rel[y] solely on the alleged

22             coconspirator statements themselves to establish the declarants knowingly
               participated in the same conspiracy as the defendants." (Dkt. No. 1194 at 11:5-

23             7.)

24         4.  Statements which "are, on their face, antithetical to the charged conspiracy" fall
               automatically outside the bounds of 801(d)(2)(E). (Dkt. No. 1194 at 13.)

25

26         5.  Certain statements are mere narrations of past events, and therefore were not
               made in furtherance of the conspiracy.

27

28

4

The government has not responded to the specific objections and therefore the Court defers ruling. However, the Court makes preliminary observations which will guide decision-making.

First, defendants correctly note that in the Ninth Circuit, the government must show "by a preponderance of the evidence that a conspiracy existed *at the time the statement was made*." (*Dkt. No.* 1194 at 6); *United States v. Bowman,* 215 F.3d 951, 960 (9th Cir. 2000) (emphasis supplied). A number of the proffered several statements appear to be made outside the time frame of the alleged conspiracy, i.e. from about 2014 through 2020.

Second, defendants correctly note that "[c]urrent Ninth Circuit authority requires the government to identify, at least by a preponderance of the evidence, the declarant of anonymous statements" admitted under Rule 801(d)(2)(E). (*Dkt. No.* 1194 at 6 (quoting *United States v. Joyce,* No. 14-CR-00607-PJH-4, 2017 WL 895563, at *7 (N.D. Cal. Jan. 20, 2017), *aff'd sub nom. United States v. Guillory*, 740 F. App'x 554 (9th Cir. 2018))).[4] A number of the proffered several statements do not identify a specific declarant.

Third, with respect to statements made by uncharged alleged co-conspirators, defendants are correct that the government must show each statement was made by a co-conspirator. *See, e.g., Mouzin,* 785 F.2d at 692. To the extent defendants' motion implies, however, that only statements made by co-conspirators charged along with defendants are admissible under the rule, the Court disagrees. The Court further disagrees with defendants' contention that "permitting the government to meet its burden of proof at the time of trial risks prejudicing the jury with inadmissible evidence." (*Dkt. No.* 1194 at 12). Whereas the content of many of the statements implies that the speaker is a co-conspirator, the government is reminded that co-conspirator statements themselves

---

[4] As Judge Hamilton noted in *Joyce,* some other circuits permit the introduction of co-conspirator statements "without having to provide positive proof to identify the author" so long as the government can "prove that the anonymous statements were necessarily written by someone in the conspiracy." 2017 WL 895563, at *7. The Ninth Circuit, however, has not adopted this more relaxed standard. *See id.; see United States v. Mouzin,* 785 F.2d 682, 692-93 (9th Cir. 1986).

United States District Court
Northern District of California

United States District Court
Northern District of California

cannot form the sole foundation upon which the government makes its showing that a declarant was a co-conspirator. *See, e.g., United States v. Liera,* 585 F.3d 1237, 1246 (9th Cir. 2009).

With regard to the recordings of conversations between two individuals, only one of whom has been shown to be a co-conspirator by the preponderance of the evidence, defendants' objection is **OVERRULED** to the extent that it seeks that the government only introduce the statements from the alleged co-conspirator, and not the other individual on the recording.

Defendants' objection is **OVERRULED** with regard to all other statements that identify the declarant as an individual shown by evidence in the record to be a member of the alleged conspiracy for purposes of Rule 801(d)(2)(E).[5]

Fourth, defendants object to the introduction of certain co-conspirator statements on the grounds that statements antithetical to the charged conspiracy do not constitute statements "in furtherance of" the charged conspiracy. (Dkt. No. 1194 at 12.) "The Ninth Circuit has strictly construed the 'in furtherance of the conspiracy requirement.'" *United States v. Nazemian, 948 F.2d 522, 529 (9th Cir. 1991)* (cleaned up). "Mere conversations between co-conspirators, or merely narrative declarations among them, are not made 'in furtherance' of a conspiracy." *Id.* "To be 'in furtherance,' the statements must further the common objectives of the conspiracy." *Id.* "When inquiring whether a statement was made 'in furtherance of' a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement." *Id.* The Court **DEFERS** pending a specific response to the defense's objections.

---

[5] Certain statements in the Co-Conspirator Spreadsheet are made by one of two individuals, both of whom are members of the alleged conspiracy. In describing the rationale for its requirement that the declarants of co-conspirator statements be positively identified, the Ninth Circuit has said that a "necessary corollary" of the other preconditions for co-conspirator admissions is "that there must also be independent proof 'of the connection of the declarant and the defendant to' the conspiracy." *Mouzin,* 785 F.2d at 692 (quoting *United States v. Snow,* 521 F.2d 730, 733 (9th Cir. 1975). In circumstances where the declarant has been proven to be one of two co-conspirators of the same alleged conspiracy as defendants, this element is satisfied. Thus, with regard to these statements, although the identity of the declarant has been narrowed down to one of two individuals, rather than identified precisely, the Court finds that the co-conspirator requirements for purposes of the Rule have been met.

Finally, defendants object to the introduction of certain statements on the grounds that they are narrations about past events, and do not further the charged conspiracy. (Dkt. No. 1194 at 14.) "Narrations of past events are inadmissible, but expressions of future intent or statements that 'further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy' are admissible under Rule 801(d)(2)(E)." *United States v. Bowman*, 215 F.3d 951, 961 (9th Cir. 2000) (cleaned up). Statements "made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance' of requirement." *United States v. Yarbrough*, 852 F.2d 1522, 1536 (9th Cir. 1988). The Court **DEFERS** pending a specific response to the defense's objections.

The government also tries to admit certain statements that do not keep co-conspirators abreast of an ongoing conspiracy activity. Where these statements include communications to people who the government has not established are part of the conspiracy, the objection would be properly sustained. The Court **DEFERS** pending a specific response to the defense's objections.

The parties shall meet and confer to establish a protocol as to when the specifics of each statement will be reviewed, including, for instance, whether it will be done during the course of the trial in conjunction with specific witness testimony.

This terminates Docket no. 1164 without prejudice to the rulings as to the specific objections to specific statements.

**IT IS SO ORDERED**.

Date: May 24, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

7