IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DAVID CERVANTES, JAMES PEREZ, GEORGE FRANCO, and GUILLERMO SOLORIO** <br><br> Defendants. | **Case No.:** CR 21–328 YGR <br><br> **PRETRIAL ORDER NO. 10** <br><br> Re: Dkt. No. 1303 |

The Court held a pretrial conference in the above captioned matter on Thursday, May 23, 2024. This Order memorializes certain rulings made on the record at that hearing.

### I.  Motion to Continue Trial to September 2024 (Dkt. No 1303)

The Court heard argument on defendant James Perez's motion to continue the upcoming trial, which defendants David Cervantes and George Franco joined. (Dkt. No. 1303.) Defendant Solorio opposes the motion, as does the government. (*See* Dkt. Nos. 1309 & 1310.)

The motion is **DENIED**. The Indictment in this case was filed on August 25, 2021, nearly three years ago. Since then, the Court has taken the extraordinary step of appointing multiple Criminal Justice Act counsel for each trial defendant, in order to alleviate the burden of preparing for what is anticipated to be a three-to-four-month trial. Further, the trial defendants have collectively filed myriad, and frequently unmeritorious, motions to dismiss, motions *in limine*, and other motions over the past several months. In short, this matter is proceeding apace, and the Court discerns no reason to upend the work done to date by granting the requested continuance to September 2024. That defendants may want to conduct *additional* investigation does not mean that their constitutional rights have been infringed.  This Court has ordered the

production of documents and identification of exhibits and witnesses earlier than most districts across the United States. That defendants may want more time is understandable, but it is not violative of the constitution.[1] At most, the follow-on information would be to solidify impeachment materials uncovered, none of which would be mentioned during opening statements given the nature of impeachment evidence.

That said, the Court acknowledges defendants' point that the two productions of California Department of Corrections and Rehabilitation ("CDCR") documents ordered by the Court in recent weeks have provided additional information. As previously stated, such additional but targeted productions were necessary given revelations establishing that Task Force member Charlie Chua made more frequent and expansive use of his access to CDCR databases for Task Force purposes than previously known. The Court finds it necessary to recount the scope of such productions and to address the parties' concerns relative to information identified as responsive.

By way of background, the productions occurred in two steps. *First*, the Court ordered CDCR to produce to defense counsel "[a]ny and all" "confidential memorandum referenced in [the cooperators'] Rules Violations Reports that are contained within the confidential sections of their Central Files," as well as the cooperators' mental health records and documents containing statements they made about the defendants charged in the indictment. (Dkt. No. 1267 (sealed).) CDCR was also ordered to produce "[a]ny and all confidential memorandum relating to [certain] [charged] incidents . . . ." (*Id.*) *Second*, the Court ordered CDCR to produce to the government "[t]he entirety of the central files ('C-Files'), including debriefing reports; notes, audio or video recordings, or other media of debriefings; kites; cell phone materials; and grievances" for the cooperators. (Dkt. No. 1282 (sealed).) The Court further directed that the government conduct a *Brady* and *Jencks* review of such materials and disclose to the defense any potentially exculpatory information identified therein. To the extent the government was unable to review

---

[1] Solorio has repeatedly asserted his right to a speedy trial and rejected efforts by the other trial defendants to continue these proceedings in order to permit them time to conduct additional investigations and/or seek more information relative to the cooperators. Solorio's position on trial scheduling, and his constitutionally protected right to take such a position, is another factor the Court considers in denying the instant motion.

2

all of these materials prior to May 20, 2024, it was ordered to produce the entirety of the unreviewed documents to the defense. (*Id.*)

The Court understands that the productions were largely completed on time, and that the defense has received a tranche of information which the government identified as containing *Brady* and/or *Jencks* information. Defendants are not, however, satisfied with the information they have received. The Court heard *ex parte* argument from defense counsel regarding the sufficiency of such disclosures at the pretrial conference. In short, defendants take two positions: (i) instead of producing excerpts of reports containing *Brady* and *Jencks* information, the government should be compelled to produce the entirety of the reports containing the potentially exculpatory information; and (ii) the government may not fully appreciate the defense's trial strategy and, thus, may not understand what information is potentially exculpatory under *Brady* and *Jencks*, necessitating additional disclosures.

Without going into detail as to its *ex parte* conversations, the Court finds that some additional disclosure is necessary given persisting challenges to the defendants being able to access information they seek relative to the cooperators, including information that relates to their veracity, character, and prior bad acts. Certainly, enabling such disclosures is one way to decrease potential prejudice to the trial defendants. Thus, the Court **ORDERED** the government to produce to the defendants, under Attorneys' Eyes Only ("AEO"), the entirety of the debriefing reports which the government identified as containing *Brady* and/or *Jencks* information and excerpted. The information shall remain AEO as the government has proffered that information of a credible threat against a witness has been received.

In order to permit the defense additional time to review such materials, the Court also **CONTINUES** the first day of trial for **Monday, June 24, 2024 at 8:00 a.m.**[2] Jury selection shall, however, proceed as planned.

## II.   Disclosure of Discovery to the Trial Defendants

Defense counsel have asked this Court whether they may *show* their clients the additional

---

[2] The Court is also willing to consider trial management approaches to further facilitate any last minute trial needs.

materials produced in response to the Court's above-referenced CDCR production orders. The government opposes the request on the grounds that permitting the trial defendants to review such information could risk the safety not only of the cooperators but also of other individuals who may be cross-referenced in, among others, the cooperators' debriefing reports.

Having carefully considered the parties' oral argument on this topic, the Court hereby **ORDERS** as follows: *First*, defense counsel may show their clients, but may not provide them, confidential, non-debriefing memoranda produced in response to the CDCR production orders, but only in accordance with the following conditions. *Second*, the government has until **May 29, 2024** to identify for the Court anything in the debriefing memoranda produced (or ordered to be produced) to the defense which it believes would pose a security risk. Thus, no such debriefing reports shall be shown to the trial defendants until the Court has reviewed such a filing by the government. *Third*, to the extent defense counsel believes there is a reason why their clients need to see (but not receive copies of) the cooperators' mental health records, they may apply to the Court for permission for such disclosure. *Fourth*, to the extent the government wishes for the Parole Board materials they disclosed to the defense to remain confidential from the trial defendants, it shall meet and confer with the defense regarding protection for such information **by no later than May 29, 2024**. If the parties cannot reach consensus, the government may apply to the Court for an order barring the disclosure of such information to the defendants. Thus, no Parole Board information shall be provided prior to May 29, 2024 unless there's an agreement.

Separate and apart from what defense counsel may *show* to their clients, defense counsel are prohibited from *discussing* with their clients the names or personal identifying information of individuals who may have been "debriefed" by CDCR or who may be cooperating with law enforcement in any way.[3] This limitation is necessary to safeguard the individuals' safety.

### III. Jury Selection and *Voir Dire*

As stated on the record, the Court will select a jury during the first week of June. On

---

[3] As stated on the record, this prohibition does not apply to law enforcement officials (*i.e.*, CDCR correctional officers).

Monday, June 3, 2024, the Court will hear presentations on potential jurors' hardships. To the extent necessary, Tuesday, June 4, 2024 is reserved for consideration of additional hardships. *Voir dire* will then begin on Wednesday, June 5, 2024.

The prospective jurors' responses to the survey monkey questionnaires were provided on May 29, 2024. The parties are **ORDERED** to inform the Court by no later than **12:00 p.m. on Friday, May 31, 2024** whether they jointly stipulate to excuse any potential jurors claiming hardships.[4]

\*   \*   \*

The Court provided a number of additional instructions on the record regarding, among others, exhibits, when jurors will be sworn, and the custody of physical evidence. It does not reiterate all such rulings herein for the purposes of efficiency and because such rulings will be captured by the pretrial conference transcript. To the extent the parties have remaining disputes regarding any such matters, or any other concerns relative to this Order, they were **ORDERED** to meet and confer in person, at the courthouse, at **8:00 a.m. on Wednesday, May 29, 2024** to address them.

### IV.   Status of Stipulations to Defendants' Convictions

Given the theory of the RICO conspiracy and the refusal of the defendants to stipulate to the basic facts regarding their incarcerations, the Court **OVERRULES** the objections relative to the certified records of judgment. These certified records must be redacted to only show overly prejudicial information and focused on providing the relevant information described at page 2 of the status report at Docket No. 1307.

This terminates Dkt. No. 1303.

---

[4] The Court further **ORDERS** the government to provide to the defense a tentative witness order and schedule. Such list shall be due **one (1) business day** after the defendants respond to the government's witness stipulations, which the Court understands to be an outstanding issue. The Court reiterates what it said on the record relative to the witness order: The government retains flexibility to alter the witness order and schedule as needed during trial consistent with this Court's prior order. The intent here is for the government to make a good faith proffer to the defense regarding the witnesses it intends to call as part of its case-in-chief so that that the defense can balance their review of additional documents with their trial preparations.

**IT IS SO ORDERED.**

May 29, 2024
**DATED**

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**